[733 NYS2d 726]

In the Matter of THEODORE BUSHLOW (Admitted as THEODORE W. BUSHLOW), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 3, 2001

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn, for petitioner.

*Mischel, Neuman & Horn, P. C.,* New York City (*Richard E. Mischel* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated June 1, 2000, containing one charge of professional misconduct. After a preliminary conference on July 20, 2000, and a hearing on September 15, 2000, Special Referee Monteleone sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent has submitted an affirmation in response, asking the Court to confirm the Special Referee's report and to limit the discipline imposed to a censure.

The petition alleges that the respondent is guilty of professional misconduct in that he has been convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On February 4, 2000, the respondent was convicted of conspiracy to commit mail fraud, in violation of 18 USC § 371, a class D felony, upon his plea of guilty in the United States District Court for the Eastern District of New York. He was sentenced to three years probation. The respondent admitted the allegations set forth in the charge but took issue with the designation of 18 USC § 371 as a class D felony.*

Based upon the uncontroverted evidence, the Special Referee properly sustained the charges and the Grievance Committee's motion to confirm his report is granted.

In determining an appropriate measure of discipline to be imposed, the respondent asks the Court to consider his expressions of profound remorse, his acceptance of responsibility, the fact that the sentencing court perceived of his remorse as extraordinarily genuine, that the misconduct involved was episodic and limited to a single, aberrational incident, his full cooperation with state and federal law enforcement officers in their respective investigations of the insurance industry, his cooperation with the disciplinary process, and his favorable

---

* Notwithstanding the respondent's objection, the judgment of conviction of the United States District Court, Eastern District of New York (Amon, J.) clearly designates the offense as a class D felony.

character witnesses and the many letters submitted in his favor. In essence, the respondent concedes that he has been guilty of serious professional misconduct but maintains that the presence of several significant mitigating factors meaningfully distinguishes this case from those in which a more severe sanction was imposed.

The respondent's prior disciplinary history consists of a Letter of Caution, dated March 16, 1994, based upon his failure to adequately supervise his office's procedures with respect to the processing of cases, and a Letter of Caution, dated February 22, 1995, based upon his failures to file required responses and to appear for two scheduled depositions. The Court dismissed the plaintiff's claim based on the respondent's failure to prosecute and ordered him to pay $1,000 to the defendants for expenses concerning the failed depositions.

Taking into consideration the limited nature of the single act of misconduct to which the respondent pleaded guilty and the substantial mitigation advanced, he is suspended from the practice of law for an additional two years.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the cross motion is granted in part and denied in part to the extent that the Special Referee's report is confirmed in its entirety and both charges are sustained; and it is further,

Ordered that the respondent, Theodore Bushlow, is suspended from the practice of law for a period of two years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10), and otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Theodore Bushlow, shall continue to desist and refrain from (1) practicing law in any form, either as principal

or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.